UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-09287-SVW-SK | Date | 1/16/2020 |
| Title | Bruce Hulse v. Ascion, LLC, et al | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [9]

## I. Introduction and Factual Background

Plaintiff Bruce Hulse filed this action in California state court on April 24, 2019, asserting that Defendant Ascion LLC ("Defendant") misappropriated his likeness and violated Cal. Civ. Code § 3344 (California's statutory misappropriation offense) based on Defendant's continued use of his image in marketing materials following the expiration of the 2-year period Plaintiff contractually authorized. Dkt. 1-2. On Oct. 29, 2019 Defendant removed the case to this Court, alleging that the parties were completely diverse, and that the amount in controversy exceeded $75,000, as required by 28 U.S.C. § 1332(a) to create jurisdiction in this Court.

Plaintiff then filed a motion to remand, asserting (1) that because Defendant waited more than four and a half months to file its Notice of Removal, it is time-barred procedurally, and (2) that Defendant's removal is not supported by sufficient evidence that demonstrates that the amount in controversy exceeds $75,000. Dkt. 9 at 1.

## II. Legal Standard

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09287-SVW-SK | Date | 1/16/2020 |
|---|---|---|---|
| Title | Bruce Hulse v. Ascion, LLC, et al | | |

the propriety of removal. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). The notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and need not contain evidentiary submissions. *Owens*, 135 S. Ct. at 554. "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* Thus, where "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (internal citations and quotation marks omitted). The court can consider the complaint, allegations in the removal petition, and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

### III. Analysis

First, Plaintiff's argument that Defendant's Notice of Removal is time-barred is incorrect, because the removal statute permits removal within thirty days after receipt by the defendant of "other paper from which it may *first* be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). The Ninth Circuit has construed this to mean that the "thirty day time period for removal starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005). In other circumstances, the time limit begins to run when it is "apparent" the case has become removable. *Id.* at 696; *see also Ackerberg v. Citicorp USA, Inc.*, 887 F. Supp. 2d 934, 938 (N.D. Cal. 2012).

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

Defendant asserts in its Notice of Removal and Opposition to remand that it was only upon serving a Request for Admission on the Plaintiff during discovery, which asked Plaintiff to admit that the amount in controversy was less than or equivalent to $75,000, that Defendant was on notice that the jurisdictional amount could be satisfied in this case. *See* Dkt. 1 at 1-2; Dkt. 12 at 8-9. Plaintiff's state court complaint includes no fixed damages request, and Plaintiff's argument that Defendant previously had notice of the disputed amount based on damages in prior jury trials by Plaintiff's counsel (referenced in pre-litigation letters sent to Defendant) are not relevant to the amount in controversy in this case. Dkt. 9 at 2-3. Plaintiff failed to indicate a specific damages amount, and after Defendant requested a stipulation that the amount was less than $75,000 and Plaintiff declined to do so, Defendant removed the case to federal court. Because "jurisdictional and procedural interests [are] served by a bright-line approach" that focuses on the face of the complaint to determine whether jurisdiction exists, the Court is satisfied that Plaintiff's response to Defendant's discovery request for admission is appropriately considered "other paper" providing notice under 28 U.S.C. § 1447(b)(3), and that Defendant's notice of removal was timely filed. *Harris v. Bankers Life & Cas. Co.,* 425 F.3d at 696.

However, Defendant has not provided sufficient "summary judgment" type evidence to satisfy their burden that the amount in controversy here exceeds $75,000, now that Plaintiff has disputed that issue. *Kroske*, 432 F.3d at 980. The mere fact that Plaintiff has not stipulated to an amount in controversy below $75,000 is not sufficient to Defendant's burden, because any number of strategic legal concerns could preclude making such a binding stipulation. While courts in this district have considered evidence provided from settlement negotiations, more substantial evidence— such as a failure to accept a <u>settlement offer</u> poised precisely above the jurisdictional minimum is generally required to satisfy the relevant preponderance of the evidence standard. *See In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, 2018 WL 5905942, at *4 (C.D. Cal. Sept. 10, 2018) (pointing to declined settlement offers of $75,001 as probative of whether the amount in controversy is satisfied). Defendant's conclusory assertions that other misappropriation of likeness cases have resulted in substantial jury verdicts for emotional distress and that attorney's fees and punitive damages could also be substantial are unsupported by the type of evidence required for this Court to conclude that the jurisdictional minimum is met here. Dkt. 12 at 6-8. Moreover, Defendant's reference to damages flowing from disgorged profits (as allowed by statute in California) fails to consider that *Defendant* has access to any relevant profit figures, which have not been shared with the Court. *See* Cal. Civ. Code § 3344.

                                                                                                                                             :

Initials of Preparer        PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09287-SVW-SK | Date | 1/16/2020 |
|---|---|---|---|
| Title | Bruce Hulse v. Ascion, LLC, et al | | |

The Court has discretion to decline to award fees and costs on remand. 28 U.S.C. § 1447(c). Because the Court acknowledges that settlement demands can be considered in assessing the relevant amount in controversy, but concludes that the request for admission denied by Plaintiff is not sufficient to satisfy the preponderance of the evidence standard required for jurisdiction when Plaintiff contests it, the Court does not find that there was no "objectively reasonable basis" for seeking removal, and declines to award fees and costs to Plaintiff. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

**IV. Conclusion**

Plaintiff's motion to remand is GRANTED. Plaintiff's motion for attorney's fees and costs is DENIED.